[Nos. 31162, 31105, 31104. Department Two. January 13, 1950.]

PRUITT O. BROOME, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

C. O. CARLSON, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

HENRY MEITMANN, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

*Walthew, Gershon, Yothers & Warner,* for appellant Broome.

*Durham, Guimont & Durham,* for appellants Carlson and Meitmann.

*The Attorney General* and *Bernard A. Johnson, Assistant,* for respondent.

*Durham, Guimont & Durham* and *Bassett & Geisness, amici curiae.*

HILL, J.—Three cases presenting the following question have been consolidated for the purpose of appeal: May an award in excess of thirty-six hundred dollars be made for permanent partial disability resulting from unspecified injuries received in any one accident?

[1]Reported in 213 P. (2d) 477.

■ By unspecified injuries is meant injuries for which a permanent partial disability award is made under the provisions of Rem. Supp. 1941, § 7679(f) [P.P.C. § 705-1], other than those injuries specifically listed under "Loss by Amputation" and "Miscellaneous" in that section. The answer to the question is: No. See *Yockey v. Department of Labor & Industries,* 21 Wn. (2d) 171, 184, 150 P. (2d) 680. The definition of "unspecified injuries" is the same as in the *Yockey* case, and the question in the *Yockey* case was identical except that the maximum amount was then twenty-four hundred dollars. Rem. Rev. Stat., § 7679(f). (The 1941 amendment made no change in the particular portion of the statute to be construed except to increase the maximum. Subsequent amendments in 1947 and 1949 are not here material.)

Several pages of one of the briefs are devoted to urging that a change in the order of the provisos in the relevant portion of Rem. Supp. 1941, § 7679(f), from that in Rem. Rev. Stat., § 7679(f), indicated a change in legislative intent. The only change in the form or order of the provisos referred to is that a proviso in the earlier statute relating to a limitation of awards for ankylosed joints is omitted from the 1941 enactment, and we cannot see that that omission changed the effect or intent of the statute.

The appellants' other contentions were given careful consideration in the majority opinion in the *Yockey* case, and were likewise vigorously elaborated in the dissenting opinion. To answer them again would be needlessly repetitious; we adhere to the construction given the statute in that case. It therefore follows that the trial court was correct in holding in the Pruitt O. Broome case that there was nothing to submit to the jury, since the department had already paid the claimant all or more than he was entitled to receive for the disability resulting from his unspecified injuries. The judgment in the Broome case is therefore affirmed.

The C. O. Carlson and Henry Meitmann cases had each been presented to a jury and the jury had in each case brought in a verdict which gave the claimant an amount in

excess of thirty-six hundred dollars for his unspecified injuries. The trial court in each case refused to enter a judgment on the verdict, and remanded the claim to the department, with instructions to reopen and to allow the claimant such sum in addition to that previously paid by the department as would give him the maximum award of thirty-six hundred dollars for permanent partial disability in consequence of his unspecified injuries.

The parties stipulated that, if the Broome case was affirmed, (a) the judgment in the Henry Meitmann case should be affirmed and (b) the judgment in the C. O. Carlson case should be affirmed except that the attorneys' fee therein should be reduced to three hundred fifty dollars.

By their stipulation, the appellants in the Carlson and Meitmann cases waived any questions not raised in the Broome case, and the respondent likewise waived its claim of an excessive award in the Carlson case, which it sought to present on a cross-appeal.

The judgments of the trial court in the Broome, Meitmann, and Carlson cases are each affirmed, except that, by stipulation of the parties, the attorneys' fee in the Carlson case is reduced to three hundred fifty dollars.

SIMPSON, C. J., ROBINSON, MALLERY, and HAMLEY, JJ., concur.